# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA IRIS NEGRON CINTRON<br><br>Plaintiff<br><br>vs.<br><br>ENDOUROLOGICAL INSTITUTE, INC.<br><br>Defendant | CIVIL CASE NO.:<br><br>American with Disabilities Act of 1990; Age Discrimination in Employment Act of 1967; Puerto Rico Law No. 44 of July 2, 1985; Puerto Rico Law No. 80 of May 30, 1976; Puerto Rico Law No. 100 of June 30, 1959; Purto Rico Law No. 115 of December 20, 1991; Discrimination Based on Disability; Discrimination Based on Age; Retaliation; Wrongful Termination; Damages<br>Pendent Jurisdiction<br><br>Jury Trial Requested |

## COMPLAINT

COMES NOW, the Plaintiff, **ELBA I. NEGRON CINTRON**, through the undersigned attorney, and respectfully, SETS FORTH and PRAYS:

### I. NATURE OF THE ACTION

1. Plaintiff initiates the instant action to redress violations of the American with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, and applicable state law committed by Defendant Endourological Institute, Inc. Defendant illegally discriminated against Plaintiff on the basis of disability and age. Plaintiff was regarded by Defendant as an individual with disabilities. Defendant perceived Plaintiff as an individual with disability and discriminated against her. Plaintiff was denied reasonable accommodation. Plaintiff was terminated on the basis of disability and age. Defendant's actions were in violation of the American with Disabilities Act of 1990, (ADA), 42 U.S.C. §12101 et seq., the Age

Discrimination in Employment Act of 1967, (ADEA),  29 U.S.C. §621 et seq., Puerto Rico Act No. 44 of July 2, 1985,  PR Laws Ann. Tit. 29 §501 et seq., Puerto Rico Act No. 100 of May 30, 1959, as amended, PR Laws Ann. Tit 29 §146 et seq., and Puerto Rico Act No. 80 of May 30, 1976, as amended, PR Laws Ann. Tit. 29 §185 et seq.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1331. This is an action for discrimination based on disability and age, and damages. This Honorable Court has federal question jurisdiction pursuant to 28 U.S.C. §1343, as this action arises under the provisions of the American with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101 et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621 et seq. This Honorable Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over the state law claims under sections 501 et seq., sections 146 et seq., and sections 185 et seq., of Title 29 of PR Laws Ann., for the claims stated hereinunder in that such claims are directly intertwined with the discrimination causes of actions claimed as the original subject matter jurisdiction of this Honorable Court.

3. The Supplemental claims against Defendant are related to the discrimination claims as to which this Court has original jurisdiction because those claims are based on the same discriminatory acts against Plaintiff.

4. Pursuant to 28 U.S.C. §1391 (c)(2), venue is appropriate in this jurisdiction, as Defendant Endourological Institute, Inc. is located and operates in Puerto Rico, and the events and/or omissions giving rise to the claim occurred in this judicial district.

## III. JURISDICITIONAL PREREQUISITES

6. On March 27, 2019, Plaintiff filed a Charge of Discrimination against Defendant before the

Antidiscrimination Unit of the Puerto Rico Department of Labor and the Equal Employment Opportunity Commission, based on the same discriminatory and retaliatory acts subject of this complaint, (uadau19-113c/16h-2019-00225c).

7. On June 24, 2021, the EEOC issued Notice of Right to Sue with regards to the referenced charge, thus administrative procedures have been exhausted and jurisdictional requirements have been met. This document was received a few days later.

8. Plaintiff is filing this Complaint after receipt of the Notice of Right to Sue, within the 90 days provided to do so.

9. To the extent that any allegations may not have occurred within 300 days of the date the charge was filed, the violations of the above identified statutes were and are continuous and ongoing, and at least one continuous and ongoing act of discrimination and/or retaliation occurred within the 300-day charge filing period prior to the date the charge was filed with the EEOC.

### IV. PARTIES

10. Plaintiff, Elba Iris Negrón Cintrón (hereinafter "Negrón" or "Plaintiff", at all relevant times herein, was and presently is, a citizen of the United Stated of America and a resident of the Commonwealth of Puerto Rico. At all relevant times, Plaintiff Negrón, was employed by Defendant. Plaintiff's residential and postal address is Urb. Colinas Metropolitanas, Calle El Vigía, Y15, Guaynabo, Puerto Rico, 00969.

11. Defendant, Endourological Institute, Inc. is corporation for profit organized under the laws of the Commonwealth of Puerto Rico on March 17, 1988, with physical and mailing address at Torre Médica Auxilio Mutuo, Office 608, Ave, Ponce De León, #735, San Juan, PR 00917.

12. Defendant XYZ Insurance Corporation is an unknown insurance company whose name,

currently is unknown. At all relevant times of the facts alleged herein, XYZ Insurance Corporation has been an insurance company duly organized pursuant to the laws of the United States and/or the Commonwealth of Puerto Rico, and as such is jointly and severally responsible for Defendant's discriminatory acts, or otherwise, employment practices, and for all acts, damages, and injuries suffered by Plaintiff.

## V. FACTUAL BACKGROUND

13. Negrón was born on June 10, 1951, accordingly, she is 70 years old today.

14. Negrón has a bachelor's degree in Psychology and studies in accounting.

15. Plaintiff performed work for Defendant for approximately 28 years.

16. Negrón was a reliable, dedicated employee with an impressive assistance record.

17. Negrón began working for Endourological Institute, Inc. in 1991.

18. On November 25, 2016, Negrón was in a car accident, in which she received a severe blow to her head, injured her right hip, and suffered broken ribs.

19. As result of the accident, Plaintiff had a physical and/or mental impairment that substantially limited one or more of her major life activities.

20. The delicate condition in which she was left because of the accident, required her to be absent from work for approximately one (1) month.

21. While on leave, Plaintiff maintained Defendant informed of her condition and developments. During her absence, Plaintiff was called regarding matters related to her work. She was constantly medicated during that period of time, what deprived her from providing the information requested by Defendant's officials.

22. During Plaintiff's absence, Defendant hired Mrs. Miriam Castrillo, (hereinafter Castillo), whom at the time, was younger than forty-years old.

23. In or around the month of January 2017, Negrón returned to work.

24. Lucy Tirado (hereinafter "Tirado") held the position of General Manager.

25. Prior to the accident, Plaintiff constantly provided assistance to Tirado.

26. After her return to work, Negrón continued to receive medical treatment in relation to the consequences of the unfortunate accident.

27. Plaintiff assisted to her medical appointments and reported to work.

28. When Plaintiff returned to work, she became aware that Castrillo had been assigned to perform some of the duties that Negrón had prior to the accident.

29. Plaintiff faced mistreatment from Defendant's directors.

30. Defendant made changes and modification to the accounting system and did not provide any training or orientation to Plaintiff.

31. Defendant instructed Castrillo not to provide any assistance or orientation regarding the new accounting system.

32. Defendant constantly asked Plaintiff "Why you do not leave".

33. Defendant's actions were directed to provoke faults in Plaintiff's performance.

34. After her return to work, Plaintiff was relieved from her duties, which were gradually assigned to Castrillo.

35. Castrillo's actions and the support and deference of Defendant's directors and officials reflected that Defendant had delegated Castrillo authority over Negrón.

36. Plaintiff's recuperation process required Defendant, to provide accommodations to Plaintiff.

37. On some occasions, Plaintiff needed additional time to complete some tasks.

38. Plaintiff was subject to mistreatment and adverse actions due to her age and disability.

39. Plaintiff was subject to mocking, harassment, and hostile environment.

40. Managers in the presence of Tirado and other Defendant's officials made offensive comments and mockery in relation to Plaintiff.

41. Plaintiff was constantly demoralized by offensive comments and references about her condition, as well as disproportionately unwarranted remarks about her performance.

42. Plaintiff was called the crazy one from accounting ("la loquita de contabilidad").

43. Tirado constantly told Plaintiff "You should leave", referring to her employment with Defendant.

44. Plaintiff's conditions provoke in some instances confusion.

45. Tirado told Plaintiff "You suffer from Alzheimer".

46. Some of Plaintiff's co-employees were told not to talk to or have lunch with her.

47. Defendant and its officials participated and/or were aware of the described actions and/or conduct.

48. Defendant did not cease, or failed to take actions to correct, the described actions and/or conduct.

49. Defendant's actions and comments demonstrate that Plaintiff was perceived as a person with a disability.

50. Notwithstanding Defendant's actions directed to force Plaintiff to resign, she continued working.

51. Far from offering accommodation or information regarding leaves of absence available to meet the different needs that Plaintiff faced at different times, Defendant, and its directors, applied undue pressure to her, aimed to devaluate her work, demoralize her, and force her to resign.

52. Plaintiff provided medical information to Defendant in support of the consideration of

accommodations in her employment.

53. On March 27, 2019, one day after receiving medical information from Negrón, Defendant informed Plaintiff that she was terminated.

54. In the process of her employment termination, Plaintiff was subject to additional demoralizing and offensive expressions from Defendant.

55. Plaintiff was told that she was not fit to work at Endourological Institute, Inc. nor in any other place.

56. Plaintiff insisted that at that moment she needed the support and assistance of her husband, who was outside the office, and she was denied such opportunity.

57. Plaintiff requested a reasonable accommodation and Defendant denied her the requested accommodation.

58. Plaintiff was denied reasonable accommodation by Defendant after the car accident.

59. Plaintiff was terminated because of the disabilities she suffered after the car accident.

60. Plaintiff was terminated because she was regarded as disabled by Defendant.

61. Plaintiff was terminated because of her age.

62. Negron was replaced by a younger person.

## VI. CAUSES OF ACTION

63. Plaintiff seeks remedies for this and for the termination of her employment as result of these actions and conduct.

64. The actions described evidence the discrimination to which Plaintiff was subject, in violation of the above referenced statutes.

65. Defendants' actions have caused financial and emotional damages to Plaintiff, such as humiliation, anguishes, mental distress, and loss of income.

66. Defendants did not exercise reasonable care to prevent and correct promptly the discrimination to which Plaintiff was subject to.

## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE AMERICAN WITH DISABILIITES ACT AND PUERTO RICO ACT NO. 44 OF JULY 2, 1985

67. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-66 and reiterates them as if fully set forth herein.

68. The American with Disabilities Act and Puerto Rico Act No. 44 of July 2, 1985, prohibit discrimination in the workplace against people with disabilities.

69. At all relevant times to the Complaint, Plaintiff was a qualified individual pursuant to the ADA.

70. Defendant was aware of the disabilities that Plaintiff was suffering after the accident.

71. Defendant regarded Plaintiff as an individual with disabilities.

72. Defendant failed to provide reasonable accommodation to Plaintiff.

73. Defendant did not make reasonable accommodation(s) to Plaintiff's known physical or mental limitations.

74. The accommodation(s) required by Plaintiff did not impose an undue hardship on Defendant's operations.

## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLYOMENT ACT AND PUERTO RICO ACT NO. 100 OF JUNE 30, 1959

75. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-74 and reiterates them as if fully set forth herein.

76. The Age Discrimination in Employment Act and Puerto Rico Act No. 100 of June 30, 1959, prohibit employers from discriminating against any individual because of such individual's age.

77. Plaintiff is a member of a protected class.

78. At all relevant to the Complaint, Plaintiff was 67 years old at the time of her termination of employment.

79. Plaintiff's age was the cause for Defendant's actions against her and for the termination of her employment.

80. Plaintiff was replaced by a younger individual, who was younger than 40 years old at the time.

## WRONGFUL TERMINATION IN VIOLATION OF PUERTO RICO ACT NO. 80 OF MAY 30, 1976

81. Plaintiff, repeats and re-alleges every allegation contained in paragraphs 1-70 and reiterate them as if fully set forth herein.

82. Puerto Rico Law No. 80 of May 30, 1976 prohibits dismissal of employees without just cause.

83. Defendant terminated Plaintiff without just cause.

84. Plaintiff's dismissal was capricious and arbitrary.

85. Defendants' actions and conduct were directed to induce or compel Plaintiff to resign.

86. Defendants' actions and conduct were in strict violation to Puerto Rico Law No. 80 of May 30, 1976.

87. Plaintiff is entitled to a severance payment as provided by Puerto Rico Act No. 80 of May 30, 1976.

88. Plaintiff request this Honorable Court to, under 28 U.S.C. § 1367, to exercise supplemental jurisdiction over Plaintiff's state-law claims brought pursuant to Puerto Rico Act No. 44 of July 2, 1985, Puerto Rico Act No. 100 of June 30, 1959, and Puerto Rico Act No. 80 of May 30, 1976.

89. As a direct and proximate result of Defendants' actions and conduct, Plaintiff lost her employment, suffered damages that include, but is not limited to loss of wages and fringe benefits, mental anguishes, and emotional damages.

90. Plaintiff is entitled to back pay, damages, a sum equal to twice the number of damages sustained by Plaintiff on account of Defendants' actions, costs, and attorney's fees.

91. As a direct and proximate result of Defendants' actions and conduct, Plaintiff had to incur in expenses related to bringing this lawsuit, including costs, such as those related to retaining an expert witness and attorney's fees.

92. Plaintiff is entitled to back pay, compensatory and punitive damages, equitable relief, costs, and attorney's fees.

93. Plaintiff reserves the right to amend the allegations of the complaint pursuant to law, and/or as result of the case proceedings, including discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgement:

a. Directing the Defendant to take such affirmative action necessary to ensure that the effects of these unlawful employment practices are eliminated.

b. Declaring that the acts and practices complained of herein, are in violation of the American with Disabilities Act, the Age Discrimination in Employment Act, Puerto Rico Act No. 44 of July 2, 1985, and Puerto Rico Act No. 100 of June 30, 1959.

c. Declaring Defendant to pay Plaintiff, compensatory and punitive damages in the following manner:

   1. Payment in the amount corresponding to the severance pay provided by Puerto

Rico Act No. 80 of May 30, 1976, as grandfathered by Puerto Rico Act No. 4 of January 26, 2017.

2. Back pay.

3. Compensatory damages to Plaintiff in the amount of $1,000,000.00.

4. Punitive damages pursuant to law.

5. Double damages pursuant to State Law.

6. All payback, and pre-judgement interest, in the form of lost wages and fringe benefits, from time of Plaintiff's employment termination through the date of trial less any legally appropriate setoffs, pursuant to 29 USC §626(b).

7. Front pay.

8. Attorney's fees.

9. An order awarding Plaintiff all expert witness fees and costs.

10. An order awarding Plaintiff whatever further and other relief this court deems appropriate and just.

## JURY TRIAL REQUESTED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all questions of fact raised by the Complaint.

Respectfully, submitted in Guaynabo, Puerto Rico, this 22nd day of September 2021.

**PIZARRO GARCÍA LAW OFICCES, LLC.**
P.O. Box 360959
San Juan, P.R. 00936-0959
Tel. (787) 305-5227

*s/ Ricardo Pizarro*
**RICARDO PIZARRO, ESQ.**
USDC-PR No.: 215603
rp@pizarrogarcialaw.com