IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA IRIS NEGRÓN CINTRÓN,<br><br>Plaintiff,<br><br>v.<br><br>ENDOUROLOGICAL INSTITUTE, INC.,<br><br>Defendant | CIV. NO. 21-1461 (SCC) |

**OPINION AND ORDER**

Elba Iris Negrón Cintrón filed suit against Endourological Institute, Inc. (EII), seeking relief under several statutes for discrimination she allegedly suffered during her time as an EII employee. She seeks relief, as relevant here, under Puerto Rico Law 80, which prohibits dismissal without just cause. EII has moved to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, EII asserts that her Law 80 claim is time-barred by its one-year statute of limitations. Negrón Cintrón responds that she restarted and paused the statute of

limitations when she filed an administrative claim with the
Equal Employment Opportunity Commission (EEOC), and
that the statute of limitations did not begin to run again until
the EEOC had finished its administrative proceedings.

In evaluating EII's motion to dismiss under Rule
12(b)(6), we take as true all well-pleaded facts in Negrón
Cintrón's complaint and make all reasonable inferences in her
favor. *Cebollero-Bertrán v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th
63, 70 (1st Cir. 2021). And we, of course, "disregard all
conclusory allegations that merely parrot the relevant legal
standard." *O'Brien v. Deutsche Bank Nat'l Tr. Co.*, 948 F.3d 31,
35 (1st Cir. 2020). In its motion, EII raises an affirmative
defense: that the action is time-barred by a one-year statute of
limitations. Docket No. 12, pg. 1. Affirmative defenses may be
raised in a Rule 12(b)(6) motion. *Blackstone Realty v. FDIC*, 244
F.3d 193, 197 (1st Cir. 2001). To succeed, "the facts establishing
the defense must be clear 'on the face of the plaintiff's
pleadings.'" *Id.* (quoting *Aldahonda-Rivera v. Parke Davis & Co.*,
882 F.2d 590, 591 (1st Cir. 1989)). The complaint, in other

words, "must leave no doubt that the plaintiff's action is barred by the asserted defense." *Id.*

Both parties agree that the substantive law of Puerto Rico governs here. Docket Nos. 1, 12. In Puerto Rico, all claims arising from employment contracts, including Law 80 claims, are subject to a one-year statute of limitations.[1] P.R. LAWS ANN. tit. 29, § 122(q); *see also Flores v. Servicios Legales*, No. SJ2020CV07006, 2021 WL 5879422, at *6 (P.R. Cir. Nov. 30, 2021) (unpublished) (applying the § 122(q) one-year statute of limitations to a Law 80 claim). Therefore, a judicial action under Law 80 must be filed within one year of the original injury unless the statute of limitations is interrupted. There are three ways to do that: (1) the aggrieved party brings the claim in an action before a court, (2) the aggrieved party gives notice to the other that they have made an extrajudicial claim, or (3) the other party acknowledges the debt. P.R. LAWS ANN.

---

1. Puerto Rico often uses the term "prescription" or "prescriptive period" to refer to a statute of limitations. Because the parties have used statute of limitations in their motions, we will as well.

tit. 31 § 5303.[2] Because Negrón Cintrón argues that her
extrajudicial claim interrupted the statute of limitations, we
confine our analysis to that interruption method.[3]

To interrupt the statute of limitations, an extrajudicial
claim must meet four requirements: (1) it must be filed within
the statute of limitations, (2) it must be brought by a person
with standing, (3) it must be made by suitable means,[4] and

---

2. Puerto Rico repealed and replaced this provision between the time
Negrón Cintrón attempted to interrupt the statute of limitations and now.
Because the provision did not substantively change, we cite to the version
in effect at the time of her injury.

3. EII's reply addressed a second argument, which is that settlement
negotiations that took place from March to June 2020 constituted an
"acknowledgement of the debt" sufficient to interrupt the statute of
limitations. But Negrón Cintrón never developed that argument, so we
disregard it. *See Silverstrand Invs. v. AMAG Pharms.*, 707 F.3d 95, 107 (1st
Cir. 2013) (holding that because the plaintiffs failed to develop their
argument, the district court was free to disregard it). In any event, a simple
interruption until June 2020 would not save her Law 80 claim because she
did not file her lawsuit until September 2021.

4. Puerto Rico does not require an extrajudicial claim to be in any specific
form, but the method used to make the claim must be suitable to inform
the other party that the claim is being made. Because neither party
disputes that Negrón Cintrón made her claim by suitable means, we will
not discuss this requirement further.

(4) it must have an "identity of rights" or "identity of purposes" with the subsequent legal action. *Díaz Santiago v. Int'l Textiles*, 195 D.P.R. 862, 95 P.R. Offic. Trans. 67, at 6 (2016).[5] The type of interruption hinges on which of the two options in the fourth requirement applies. If an extrajudicial claim has an "identity of rights" with the subsequent judicial action, there is a "simple interruption," which restarts the statute of limitations clock when the interrupting event happens. *Id.* at 5. An "identity of purposes," in contrast, "freezes" the statute of limitations, which restarts and does not begin to run again until the end of the extrajudicial proceedings. *Id.* at 5–6.

EII dismissed Negrón Cintrón on March 27, 2019. Docket No. 1, pg. 7. Negrón Cintrón filed this action on September 22, 2021. *See id.* at 11. If the one-year statute of limitations applied without interruption, her claim would be barred. But she argues that her EEOC claim, also filed on

---

5. Because there is not an official translation of *Díaz Santiago* online, we have appended a copy of the translated opinion to our opinion and order.

March 27, 2019, *id.* at 2–3, interrupted the statute of limitations. Both parties agree that: (1) the EEOC claim was timely, (2) Negrón Cintrón had standing, (3) the means she employed were suitable, and (4) there is an identity of *rights* between the EEOC claim and this action. These are all the requirements to trigger a simple interruption. But that would only move the deadline to March 27, 2020, more than a year before Negrón Cintrón filed this action. Thus, her complaint would still be time-barred.

She further argues, and EII disputes, that her EEOC claim shares an identity of *purposes* with this action, and therefore the statute of limitations was frozen until the end of the EEOC proceedings, which ended on June 24th, 2021. Docket No. 1, pg. 3. If true, the one-year statute of limitations would have restarted on June 24, and her Law 80 claim would not be time-barred. So the timeliness of her Law 80 claim turns on whether there is an identity of purposes between it and her EEOC discrimination claim.

The Supreme Court of Puerto Rico addressed a similar issue in *Díaz Santiago v. International Textiles* under facts almost identical to this case. Much like Negrón Cintrón, the plaintiff filed suit for unjust dismissal under Law 80, citing his employer's discrimination. *Díaz Santiago*, 95 Offic. Trans. at 4. He also filed an administrative claim with the Antidiscrimination Unit of the Puerto Rico Department of Labor and Human Resources (ADU). *Id.* The defendant, like here, moved to dismiss the claim as time-barred. *Id.* If the plaintiff could show an identity of purposes between his Law 80 claim and his administrative claim, then the statute of limitations would be frozen, and he could proceed with his Law 80 claim. *Id.* The court, however, held that an administrative discrimination claim made to the ADU did not share an identity of purposes with an action for unjust dismissal. *Id.* at 11. Because the ADU is only authorized to investigate *discrimination* complaints, and not all unjust

dismissals involve discrimination, the court declined to find an identity of purposes.[6] *Id.*

Negrón Cintrón filed her extrajudicial claim with the EEOC, not the ADU. She argues that *Díaz Santiago*'s reasoning applies only to the ADU and not to the EEOC. Docket No. 29, pg. 2. But the Supreme Court of Puerto Rico has already held that, because of the worksharing agreement between the two agencies, "filing a charge before [the EEOC] is tantamount to filing a complaint with the Antidiscrimination Unit." *Díaz Santiago*, 95 P.R. Offic. Trans. at 6, n. 14; *see also Matos Molero v. Roche Prods.*, 132 D.P.R. 470, 32 P.R. Offic. Trans. 30, at 11–12 (1993) ("The practical effect . . . is that bringing the charge before the EEOC is equivalent to bringing the charge before the Antidiscrimination Unit."). This is understandable because the EEOC and the ADU are quite similar inasmuch as

---

6. This ruling did not leave Law 80 claimants without an extrajudicial forum with jurisdiction over their claim. The Supreme Court of Puerto Rico held that an unjust dismissal claim may be brought to the Bureau of Labor Standards of the Puerto Rico Department of Labor and Human Resources. *Díaz Santiago*, 95 P.R. Offic. Trans., at 7.

they are both empowered and specifically designed to combat discrimination. *See Occidental Life Ins. v. EEOC*, 432 U.S. 355, 368 (1977) ("[The EEOC] is a federal administrative agency charged with the responsibility of investigating claims of employment discrimination."). The two agencies are, for purposes of extrajudicial claims and interruption, largely equivalent. So it would be strange if filing a claim with the EEOC freezes the statute of limitations but filing one with the ADU does not. It makes more sense that neither claim freezes the statute of limitations. We are further persuaded by the fact that a Puerto Rico appeals court has construed the rule this way. *See Flores*, 2021 WL 5879422, at *9 (holding that a discrimination claim filed with the EEOC did not have an identity of purposes with a Law 80 action).

When a federal court applies state law, it generally defers to that state's highest court for statutory construction. *See Largess v. Sup. Jud. Ct.*, 373 F.3d 219, 224 (1st Cir. 2004) ("[T]he decisions of a state's highest court on issues of state law . . . are generally treated as authoritative by federal

courts."). Indeed, it is "not [federal courts'] function to construe a state statute contrary to the construction given it by the highest court of a State." *O'Brien v. Skinner*, 414 U.S. 524 (1974). This is true even when we take up state law claims under our supplemental jurisdiction. *McDermott v. Marcus, Emmer & Brooks, P.C.*, 775 F.3d 109, 116 (1st Cir. 2014). We therefore defer to *Díaz Santiago*'s reasoning and hold that an administrative discrimination claim filed with the EEOC does not share an identity of purposes with a Law 80 judicial action. Thus, Negrón Cintrón's EEOC claim did not freeze the statute of limitations. Because the statute of limitations expired March 27, 2020, more than a year before she filed this action, her Law 80 claim is time-barred.

In sum, the Court **GRANTS** EII's motion to dismiss Negrón Cintrón's Puerto Rico Law 80 claim (Docket No. 12). IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of June 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE